UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK M. BRADY, Independent Executor of the Estate of JOHN D. BRADY, Deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| HANGER ORTHOPEDIC GROUP, INC.; HANGER PROSTHETICS & ORTHOTICS, INC., a subsidiary, division of and/or joint venture with HANGER ORTHOPEDIC GROUP, INC.; and HANGER PROSTHETICS & ORTHOTICS WEST, INC., a subsidiary, division of and/or joint venture with HANGER ORTHOPEDIC GROUP, INC., | ) ) ) ) ) ) ) ) ) ) ) | No. 05 C 0492<br><br>Judge John W. Darrah |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Patrick M. Brady, Independent Executor of the Estate of John D. Brady ("Brady"), deceased, filed suit against Defendants – Hanger Orthopedic Group, Inc.; Hanger Prosthetics & Orthotics, Inc.; and Hanger Prosthetics & Orthotics West, Inc. – alleging: (1) negligence; (2) strict liability; (3) negligence based on Illinois's Survival Statute, 735 ILCS 5/27-6; and (4) negligence/wrongful death. Presently before the Court is Defendant's Motion for Change of Venue pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

A reading of the Plaintiff's Complaint supports the following summary of the alleged operative conduct of the parties.

Plaintiff is a resident of Illinois. Hanger Orthopedic Group, Inc. is a Delaware corporation with its principal place of business in Bethesda, Maryland. Hanger Prosthetics &

Orthotics, Inc. is a subsidiary of Hanger Orthopedic Group, Inc. and is a Delaware corporation with its principal place of business in Bethesda, Maryland. Hanger Prosthetics & Orthotics West, Inc., is a subsidiary of Hanger Prosthetics & Orthotics, Inc., and is a California corporation with its principle place of business in Bethesda, Maryland.

This action arises out of prosthetic and orthotic services provided to John D. Brady in Phoenix, Arizona. The incident in question took place on or about January 23, 2003, at the offices of Hanger West, located at 4445 7th Street, Phoenix, Arizona. Hanger West presented to Brady specially designed orthotic shoe inserts that it had designed for Brady. Brady also purchased a brand of shoe prescribed by Defendants and inserted the orthotic into the shoes and then wore them. From January 23, 2003 to January 27, 2003, after wearing the shoes and inserts, ulcers on Brady's feet opened and began to bleed. On or about January 27, 2003, it was determined that the orthotics prescribed by Defendants were not properly fitted. Soon after January 27, 2003, the bleeding ulcers on Brady's feet became infected and caused Brady to be confined to a wheelchair.

## ANALYSIS

Defendants seek to have the cause of action transferred to the United States District Court of Arizona. Where a suit is filed with proper venue, a federal district court may "for the convenience of the parties and witnesses, [and] in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219 (7th Cir. 1986) (*Coffey*). Although § 1404(a) limits consideration for transfer to three factors – convenience of the parties, convenience of the witnesses, and the interest of justice – district courts have broad discretion in

2

the interpretation and weighing of these factors, which serve more as guideposts for analysis than as rigid requirements. *See Coffey*, 796 F. 2d at 719-20; *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert denied*, 350 U.S. 822 (1955); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (*Van Dusen*). A lesser showing of inconvenience is required under § 1404(a) than under the traditional doctrine of *forum non conveniens*. *Coffey*, 796 F.2d at 220; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). The movant bears the burden of establishing, by reference to particular circumstances, that the alternative forum is clearly more convenient. *Coffey*, 796 F. 2d at 219-20.

## Convenience of the Parties

In evaluating convenience of the parties, the district court considers five factors: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses to be called to testify in the case; and (5) the convenience of the parties themselves. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001) (*Plotkin*); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *also see Georgouse v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997); *APV North America, Inc. v. Transindustrial Development Corp.*, 2006 WL 51169 *1, *4 (N.D. Ill. 2006) (*APV*).

### Plaintiff's Choice of Forum

The plaintiff's choice of forum is generally entitled to substantial weight, especially when it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (*Vendeveld*). However, where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim or is not

3

the plaintiff's home forum, the deference traditionally given to that selection is lessened. *Plotkin*, 168 F. Supp. 2d at 902; *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 831 (N.D. Ill.1999); *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *APV*, 2006 WL 51169 at *5.

Plaintiff resides within the Northern District of Illinois; therefore, Plaintiff's home forum has been chosen. However, Plaintiff's claim arises out of activities that took place in Arizona. Plaintiff has not demonstrated that the events giving rise to the claims have a strong connection to the Northern District of Illinois; thus, deference to Plaintiff's choice of forum is reduced.

### Situs of Material Events

Plaintiff's claims arise out of events that took place in Arizona; therefore, this factor weighs in favor of a transfer.

### Relative Ease of Access to Sources of Proof

Defendants claim that the majority of the Defendants' business records relevant to Plaintiff's claims, as well as several key witnesses, are located in Arizona. Similarly, Defendants point out that several of these witnesses are only subject to compulsory process in Arizona. These factors weigh in favor of a transfer.

### Convenience of the Witnesses

The party seeking transfer must specify the key witnesses to be called and establish that the nature and quality of their testimony with respect to the issues of the case warrants the case's transfer. *Vandeveld*, 877 F. Supp. at 1167-68; *APV*, 2006 WL 51169 at *5. Witness convenience does not depend on which party has the longer list of witnesses; rather, the weight given to a

certain witness's inconvenience depends on the significance of their testimony. *See Plotkin*, 168 F. Supp. 2d at 904.

Defendants and Plaintiff both list several key witnesses in their Rule 26 disclosures that reside in Arizona, including a number of doctors and Hanger staff members. However, Plaintiff also lists key witnesses that reside in Illinois, including three of Brady's sons and his wife. Therefore, this factor is neutral.

### Convenience of the Parties Themselves

When considering the inconvenience to the parties themselves, the court may consider where the parties reside and their respective abilities to bear the expense of trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989); *APV*, 2006 WL 51169 at *6. A majority of the Defendants are employed and reside in Arizona. However, the Plaintiff resides in Illinois and has arguably less resources to travel to an alternative forum outside Illinois than Hanger Orthopedic Group has to travel to Illinois. Therefore, this factor weighs slightly in favor of the Plaintiff.

### Interest of Justice

In addition to considering the convenience of the parties, witnesses, and evidence in relation to the proposed forum and the present forum, the Court must also consider which forum best serves "the interest of justice." *Coffey*, 796 F. 2d at 220; *Van Dusen*, 376 U.S. at 625. The interest of justice rubric focuses on the efficient administration of the courts, not the merit of the underlying dispute. *Coffey*, 796 F. 2d at 221; *Plotkin*, 168 F. Supp. 2d at 904. This analysis also includes considerations such as "(1) the speed at which a case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at

issue, and (4) the desirability of resolving controversies in their locale. *Plotkin*, 168 F. Supp. 2d at 904; *APV*, 2006 WL 51169 at *6; *see Macedo v. Boeing Co.*, 693 F. 2d 683, 690 (7th Cir. 1982) (discussing public interest factors of transfer analysis). Even where the convenience of the parties and witnesses may call for a different result, the "interest of justice" component may be determinative in particular cases. *Coffey*, 796 F. 2d at 220; *see e.g., Lemke v. St. Margaret Hosp.*, 593 F. Supp. 25 (N.D. Ill. 1983).

### Speed at Which the Case Will Proceed to Trial

The two most relevant statistics for this determination are (1) the median months from filing to disposition for civil cases and (2) the median months from filing to trial for civil cases. *Plotkin*, 168 F. Supp. 2d at 904; *Amoco*, 90 F. Supp. 2d at 962. On September 30, 2005, the median time from filing to disposition for civil cases was 6.9 months in the Northern District of Illinois and 10.2 months in the District Court of Arizona. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005), *available at* http://www.uscourts.gov/cgi-bin/cmsd2005.pl. The median time from filing to trial for civil cases was 27 months in the Northern District Court of Illinois and 31 months in the District Court of Arizona. These figures indicate that the case would progress at about the same rate in either district; therefore, this factor is neutral. *See Pollock v. Boss Industries, Inc.*,
No. 05 C 4978, 2006 WL 488687, at *3 (N.D. Ill. Feb. 24, 2006), *citing Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *3 (N.D. Ill. Mar. 22, 2004) (stating that a gap of two-and-a-half months will not greatly affect the speed at which the case can proceed to trial).

6

### Court's Familiarity with the Applicable Law

Plaintiff's claims are brought entirely under the principles of negligence and strict liability. In diversity cases, it is generally "advantageous to have federal judges try a case who are familiar with the applicable law. *See Pollock*, No. 05 C 4978, 2006 WL 488687, at *3 (N.D. Ill. Feb. 24, 2006), *citing Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 221 (7th Cir. 1998). There is no conflict between the laws in the States of Illinois and Arizona that will cause a difference in the outcome of this litigation; therefore, Illinois law will apply. However, "where the law in question is neither complex nor unsettled the interest of justice remain neutral between competing courts." *See Pollock*, No. 05 C 4978, 2006 WL 488687, at *3 (N.D. Ill. Feb. 24, 2006), *citing Sitrick v. Freehand Sys., Inc.*, No. 02 C 1568, 2003 WL 1581741, at *6 (N.D. Ill. Mar. 27, 2003).

### Relation of the Community to the Occurrence and Its Interest in Resolving the Dispute

The Defendants contend that the District Court of Arizona has a greater interest in resolving this case since the actual negligence act took place in Arizona. Alternatively, the Plaintiff could claim the reverse argument – that Illinois has a greater interest in protecting its residents from negligence inflicted by residents of other states. Thus, this factor is neutral.

### CONCLUSION

In light of all the factors discussed above, Defendants' Motion to Transfer Venue to the District Court of Arizona is granted.

Date: 8-30-06

JOHN W. DARRAH
Unites States District Court Judge